United States District Court
Southern District of Texas
**ENTERED**
November 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO QUINTANILLA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-2846 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Mario Quintanilla's petition for a writ of habeas corpus and respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, Quintanilla's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted, and Quintanilla's petition should be dismissed with prejudice.

## I.      Background

Quintanilla pled guilty to evading arrest with a motor vehicle. The 177th District Court of Harris County, Texas sentenced him to seven years imprisonment.

Texas' First Court of Appeals dismissed Quintanilla's appeal as moot because, pursuant to Texas law, Quintanilla had no right to appeal following his guilty plea. *Quintanilla v. State*, 2014 WL 527576 (Tex. App. – Houston [1st Dist.] Feb. 6, 2014), pet. ref'd). The Texas Court of Criminal Appeals refused Quintanilla's petition for discretionary review. *Quintanilla v. State*, PDR No. 0301-14 (Tex. Crim. App. Apr. 30, 2014), and denied his state habeas corpus application without written order on the findings of the trial court. SH[1] at Action Taken page. On September 29, 2015, Quintanilla filed this federal petition for a writ of habeas corpus.

The petition raises three claims for relief. These are addressed below.

## II.      Applicable Legal Standards

---

[1]      "SH" refers to the transcript of Quintanilla's state habeas corpus proceedings.

A.     <u>The Anti-Terrorism and Effective Death Penalty Act</u>

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997).  Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002); Cobb *v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005).  Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406.  "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999).  A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed

every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc); *see also Pape v. Thaler*, 645 F.3d 281, 292-93 (5th Cir. 2011).  The focus for a federal court under the "unreasonable application" prong is "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'"  *Id.* (quoting *Neal*, 239 F.3d at 696, and *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'")

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2); *Martinez v. Caldwell*, 644 F.3d 238, 241-42 (5th Cir. 2011).  The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).  This Court may only consider the factual record that was before the state court in determining the reasonableness of that court's findings and conclusions.  *Cullen v. Pinholster*, 563 U.S. 170 (2011).  Review is "highly deferential," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*), and the unreasonableness standard is "difficult [for a petitioner] to meet."  *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

**B.**  **Summary Judgment  Standard in Habeas Corpus Proceedings**

In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (The "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor").  "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."  *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).  This principle is limited, however; Rule 56 applies insofar as it is consistent with established habeas practice and procedure.  *See Smith v.*

*Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).  Therefore, § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmoving party.  *See id.*  However, in a habeas proceeding, unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" regarding the state court's findings of fact, those findings must be accepted as correct.  *See id.*  Thus, the Court may not construe the facts in the state petitioner's favor where the prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness in 28 U.S.C. § 2254(e)(1) should not apply.  *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997).

## III.   <u>Analysis</u>

Quintanilla contends that he received ineffective assistance of counsel during the plea negotiation and during the period between the conclusion of his trial and the deadline to file a motion for a new trial. He also contends that he was denied due process when he received misleading information from his counsel concerning the plea deal.

Quintanilla's counsel incorrectly informed him that the charge he faced was a state jail felony, though she noted that, with enhancements, Quintanilla faced a possible sentence of two to twenty years. Counsel also made an argument to the prosecutor that Quintanilla should be charged with a class A misdemeanor.  *See* Exhibits B and C to Petitioner's Supplemental Memorandum of Law (Dkt. No. 6).  On August 14, and 23, 2013, however, she corrected her misstatement of the law, and correctly informed Quintanilla that he was charged with a third degree felony and also faced a sentence enhancement as an habitual offender with a possible sentence of 25 years to life.  *Id.*; SH at 82.

On August 23, 2013, Quintanilla appeared in court, where he was informed by the judge that he faced a third degree felony charge with a possible sentence of two to twenty five years. SH at 82. On the

same day, the State offered Quintanilla a plea deal carrying a two year sentence.  The deal was good for

that day only.  *Id.*  Quintanilla rejected the deal, and the State announced its intention to seek a 25 year

sentence. *Id.*  Quintanilla repeatedly asked for the two year deal, but the prosecutor declined to re-offer

that deal.  *Id.*  On the day the trial was set to begin, the State offered 10 years.  Eventually, the State

improved the offer to seven years.  *Id.* at 83.  Quintanilla accepted this offer, *id.*, but now complains that

his rejection of the two year offer was the result of ineffective assistance of counsel.

> To prevail on a claim for ineffective assistance of counsel, Petitioner
> must show that . . . counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed by the Sixth Amendment.
> Second, the [petitioner] must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's errors were
> so serious as to deprive the defendant of a fair trial, a trial whose result is
> reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to prevail on the first prong of the

*Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard

of reasonableness.  *Id.* at 687-88.  Reasonableness is measured against prevailing professional norms, and

must be viewed under the totality of the circumstances.  *Id.* at 688.  Review of counsel's performance is

deferential.  *Id.* at 689.  The same standards apply to claims of ineffective assistance of counsel in

connection with a defendant's plea of guilty.  *See Hill v. Lockhart*, 474 U.S. 52 (1985).

A guilty plea waives all non-jurisdictional defects occurring before entry of the plea.  *Tollett v.

Henderson*, 411 U.S. 258, 266-67 (1973).  Challenges to a conviction resulting from a guilty plea are

limited to the voluntariness of the plea, the defendant's understanding of the charges against him, and his

understanding of the consequences of the plea.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)*; Grabowski v.

Hargett*, 47 F.3d 1386, 1389 (5th Cir. 1995).

A.     **Advice on Plea Deal**

Quintanilla first contends that his attorney incorrectly told him that the charge against him was a state jail felony, which caused him to reject a plea offer of two years imprisonment.  The record shows that counsel did, in fact, tell Quintanilla that he faced a state jail felony, but corrected her statement before the State offered Quintanilla the two year deal.  *See* SH at 82, 86-87.  By that time, counsel had informed Quintanilla that he was charged with a third degree felony and was subject to an enhanced punishment range as an habitual offender.  Counsel specifically stated, and the state habeas court found, that she accurately informed Quintanilla of the charges and potential penalties on August 14, and 23, 2013.  *Id.* at 82, 121.  Quintanilla received the two year offer on August 23.  *Id.* at 82.  The judge also explained the charges and possible penalties to Quintanilla before Quintanilla rejected the offer.  *Id.* at 84.

Because the record establishes that Quintanilla was properly informed of the charges and possible penalties before he rejected the two year offer, he cannot demonstrate *Strickland* prejudice resulting from counsel's initial, incorrect, statement of the law.  The state habeas court's findings to this effect, *id.* at 125-27, are reasonable and are entitled to deference.  Accordingly, Quintanilla is not entitled to relief on this claim.

B.     **Failure to File Motion for a New Trial**

In his second claim, Quintanilla claims that counsel abandoned him by failing to file a motion for a new trial.  Assuming that counsel was deficient for failing to file a motion for a new trial, Quintanilla nonetheless fails to demonstrate any *Strickland* prejudice.

As noted above, the state habeas court found that both Quintanilla's counsel and the trial court accurately explained the charges and possible sentence to him before he rejected the two year offer.  Quintanilla makes no showing that either his rejection of the initial offer, or his eventual plea, were not knowing, intelligent, and voluntary.  He thus makes no showing that any motion for a new trial would have been granted.  In the absence of such showing, Quintanilla fails to demonstrate prejudice.  See, *e.g.,*

*United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).  Quintanilla is not entitled to relief on this claim.[2]

### C.     Due Process

In his third claim, Quintanilla contends that he was denied due process by counsel's actions and omissions discussed above.  This is simply a rehash of his ineffective assistance claims.  As discussed above, Quintanilla suffered no prejudice as a result of counsel's acts and omissions.  He thus fails to demonstrate a constitutional violation of any kind.

## IV.     Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Quintanilla's petition for a writ of habeas corpus is denied.

## V.     Certificate Of Appealability

Quintanilla has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")  A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A defendant "makes a substantial showing when he

---

[2]     Quintanilla also argues that the failure to file a motion prevented him from preserving issues for appeal.  By pleading guilty, however, Quintanilla waived his right to appeal on any issue not raised before trial, and the state appellate court rejected his appeal on those grounds. *See Quintanilla v. State*, 2014 WL 527576 at *1.

demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

This Court has carefully reviewed the record in this case, and the arguments, and authorities put forth by the parties. The Court finds that Quintanilla has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Quintanilla is not entitled to a certificate of appealability.

**VI.**   **Conclusion And Order**

For the foregoing reasons, it is ORDERED as follows:

A.   Respondent Lorie Davis' motion for summary judgment (Dkt. No. 3) is GRANTED;

B.   Petitioner Mario Quintanilla's petition for a writ of habeas corpus (Dkt. No. 1) is DENIED and DISMISSED WITH PREJUDICE; and

C.   No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 4th day of November, 2016.

_____

Kenneth M. Hoyt
United States District Judge